IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**LARRY DEWAYNE WATERS**                                            **PLAINTIFF**

v.                    No: 3:19-cv-00113 KGB-PSH

**T. RAYMOND**, *et al.*                                         **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Larry Dewayne Waters, then an inmate at the Craighead County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 15, 2019 (Doc. No. 2). Mail sent to Waters on July 31, 2019 was returned as undeliverable, and the envelope was entered on the docket. Doc. No. 13. On August 13, 2019, the Court entered a text order notifying Waters that mail could not be delivered to him because he was no longer at the address he provided. Doc. No. 14. Waters was directed to provide notice of his current mailing address by no later than thirty days from the entry of the August 13, 2019 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be

dismissed.[1]  A printed version of the text order was sent to him at his last known address.  The envelope addressed to the Craighead County Detention Facility containing the Court's August 13 order was returned as undeliverable.  Doc. No. 15.  Other mail was also returned.  *See* Doc. No. 18.

More than 30 days have passed, and Waters has not complied with or otherwise responded to the August 13 order.  Waters failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2).  Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Waters' complaint be DISMISSED WITHOUT PREJUDICE.

DATED this 17th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In its initial order to Waters, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address.  The Court also notified Waters that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice.  Doc. No. 3.  This order was mailed to Waters on April 16, 2019, and was **not** returned as undeliverable.